UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GAIL PATERNOSTER, as surviving spouse of DAVID PATERNOSTER, deceased, and JOSEPH PATERNOSTER and DORIS PATERNOSTER<br><br>Plaintiffs,<br><br>-v-<br><br>PRATT & WHITNEY CANADA CORP., A Canadian Corporation, QUANTUM LEAP SKYDIVING CENTER, INC., A Missouri Corporation, ADVENTURE AVIATION, LLC, A Delaware Corporation, OZARK AIR SERVICES, INC., An Illinois Corporation, PRO TURBINE, INC., An Arkansas Corporation, NORTHSTAR AEROSPACE TURBINE ENGINE SERVICE GROUP, INC., An Oklahoma Corporation, and DONCASTERS, INC., A Delaware Corporation,<br><br>Defendants. | Case No. 09 L 01188 |

**PETITION FOR APPROVAL OF WRONGFUL DEATH PARTIAL SETTLEMENT**

NOW COMES the Plaintiffs, GAIL PATERNOSTER, JOE PATERNOSTER and DORIS PATERNOSTER (hereinafter "Paternoster Plaintiffs") and Defendant OZARK AIR SERVICES (hereinafter "Ozark") pursuant to the provisions of Mo. Rev. Stat. 537.080 *et seq.*, and hereby move the Court for approval of the release and settlement of the claims and causes of action of Paternoster Plaintiffs against Defendant Ozark on account of or in any way related to any injury of David J. Paternoster, the death of David J. Paternoster, or any matter set forth in the Complaint on file in the case styled as *Gail Paternoster, et al. v. Pratt & Whitney Canada Corp, et al.*, Case No. 09 L 01188 and state to the Court as follows:

1

1. On July 29, 2006, David Paternoster died as a result of an airplane crash near Sullivan, Missouri. This cause of action is now pending for damages allegedly resulting from the wrongful death of David Paternoster

2. The subject airplane was maintained, repaired, overhauled, and serviced by Defendant Ozark.

3. Gail Paternoster is the surviving spouse of David Paternoster, Joe and Doris Paternoster are the surviving parents of David Paternoster, and as such are entitled to relief for the wrongful death of David Paternoster under Mo. Rev. Stat. §537.080(1).

4. Plaintiffs hired NOLAN LAW GROUP to prosecute and resolve this matter.

5. Plaintiffs allege that Defendant Ozark was partially at fault for the death of David Paternoster. Defendant Ozark deny any wrongdoing and deny all liability. Nevertheless, Plaintiffs and Defendant Ozark have agreed to waive a jury trial and to submit the proposed settlement to this Court for approval.

6. Plaintiffs represent and warrant as follows: David Paternoster was the husband of Gail Paternoster and natural child of Joe and Doris Paternoster. At the time of his death, David Paternoster had no children, natural or adopted. Paternoster Plaintiffs are therefore the only members of the class described in Mo. Rev. Stat. §537.080(1), and as such, are the only persons entitled to make a claim or to bring suit for the alleged wrongful death of David Paternoster, and are the only persons entitled to share in the proceeds of any settlement regarding the death of David Paternoster to include all lawful claims preserved by Paternoster Plaintiffs.

7. Plaintiffs have taken into consideration the expense, delay, and uncertainty of trial and hearing on the aforesaid cause and wishes to compromise their claims against Defendant Ozark, in consideration of the agreement by Defendant Ozark to make payment to Plaintiffs a

total sum of $25,000.00 pursuant to agreement and in full and final settlement, compromise, discharge, and satisfaction of any and all claims, demands, causes of action, injuries, and damages which Plaintiffs have or might have against Defendant Ozark only, by reason of all known or unknown injuries, expenses, losses, or other damage on account of or in any way related to the death of David Paternoster.

8. Plaintiffs specifically maintain their cause of action against all other remaining Defendants.

9. Plaintiffs state that they and Defendant Ozark have entered into a proposed Specific Settlement Agreement and Indemnity Agreement which shall be disclosed to the Court for its review and which calls for the payment of the sums of $25,000.00 to be made in exchange for the execution of an instrument releasing Defendant Ozark from any and all further claims against it by Plaintiffs for the death of David Paternoster. The expenses of recovery shall be paid, but attorney's fees as contracted shall be deferred and not collected out of these settlements.

12. The Specific Settlement Agreement and Indemnity Agreement referenced above will be submitted to the Court for review and approval at the time of the hearing on this Petition for Approval of Wrongful Death Settlement.

13. Attached as Exhibit A is Plaintiff Gail Paternoster's Affidavit, which she submits in lieu of her testimony in connection with Plaintiffs' Petition for Approval of Wrongful Death Settlement.

14. Plaintiffs further state to the Court that the proposed settlement is in good faith and is fair and reasonable and in the best interest of all parties, including Plaintiffs, considering all facts and circumstances of the event described in Plaintiffs' Complaint.

WHEREFORE, Plaintiffs GAIL PATERNOSTER, JOE PATERNOSTER and DORIS PATERNOSTER, individually and on behalf of the class entitled to bring claims for the death of David Paternoster pursuant to Mo. Rev. Stat. §537.080(1) pray the Judgment of the Court finding, adjudging, and decreeing that the proposed settlement on the terms outlined hereinabove and in the Specific Settlement Agreement and Indemnity Agreement is in good faith and is fair and reasonable pursuant to Mo. Rev. Stat. §537.095, and in the best interest of Plaintiffs; approving the Specific Settlement Agreement and Indemnity Agreement pursuant to Mo. Rev. Stat. §537.060; dismissing with prejudice any claims Plaintiffs may have against the above-named Defendant; with each party to bear their own costs; barring any further or future claim by Plaintiffs against Defendant for the wrongful death of David Paternoster; and for such other and further relief as the Court shall deem just and proper.

Respectfully submitted,


BY:   /s/ Jerome L. Skinner

      Jerome L. Skinner
      NOLAN LAW GROUP
      200 TechneCenter Drive, Suite 103
      Milford, OH 45150
      (888) 630-9340
      **ATTORNEY FOR PATERNOSTER PLAINTIFFS**


BY:   /s/ Paul V. Herbers

      James E. Ramsey
      Paul V. Herbers
      Coolings & Herbers, PC
      2400 City Center Square
      1100 Main Street
      Kansas City, MO 64196
      (816) 474-0777

      **ATTORNEYS FOR OZARK AIR SERVICES, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically on this 2nd day of December, 2010 via the CM/ECF system, which will send electronic notification to the following attorneys of record:

Thomas M. Lang
LANG LAW OFFICE
7905 Forsyth Blvd.
St. Louis, MO 63105
tlang@7905forsyth.com

Craig A. Smith
S. Jay Dobbs
Mark B. Grebel
Polsinelli Shughart PC
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
csmith@polsinelli.com
sdobbs@polsinelli.com
mgrebel@polsinelli.com

Gary Mayes
Jill M. Johnson
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101

Larry S. Kaplan
Richard A. Walker
Thomas C. Sokol
Paul H. Kuznetsky
Kaplan, von Ohlen & Massamillo, LLC
120 North LaSalle Street, 24th Floor
Chicago, IL 60602

John W. Cowden
Jarod G. Goff
BAKER STERCHI COWDEN & RICE LLC
Crown Center
2400 Pershing, Suite 500
Kansas City, Missouri 64108
Cowden@bscr-law.com
goff@bscr-law.com

/s/ Jerome L. Skinner