UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GAIL PATERNOSTER, surviving spouse of DAVID PATERNOSTER, deceased, *et al.*, <br><br> Plaintiffs, <br><br> -v- <br><br> PRATT & WHITNEY CANADA CORP., *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) **Case No: 4:09-cv-01188-DDN** |

## DEFENDANT DONCASTERS, INC.'S OPPOSITION TO PLAINTIFFS' PETITION FOR APPROVAL OF THEIR WRONGFUL DEATH SETTLEMENT WITH DEFENDANT OZARK AIR SERVICES, INC.

COMES NOW the Defendant, DONCASTERS, INC. ("Doncasters") by and through its attorneys, KAPLAN, MASSAMILLO & ANDREWS, LLC and THOMPSON COBURN, LLP, and hereby opposes Plaintiffs GAIL PATERNOSTER, JOSEPH PATERNOSTER, and DORIS PATERNOSTER's Petition for Approval of their Wrongful Death Settlement with Defendant OZARK AIR SERVICES, INC. ("Ozark"), stating as follows:

1. Section 537.060 of the Missouri Statutes requires that any settlements entered into or releases given by plaintiffs to a person liable in tort be given in good faith. *See generally* Mo. Rev. Stat. Ann. § 537.060 (West).

2. Plaintiffs have brought a wrongful death claim under Section 537.080(1) of the Missouri Statutes for the death of their decedent as a result of an airplane crash near Sullivan, Missouri on July 29, 2006.

3. Plaintiffs have settled their claim against Defendants Ozark for a mere $25,000 in a lawsuit that has potential for multi-million dollar liability exposure.

4. They now petition this Court for approval of this nominal amount.

5. Defendant Doncasters submits that their Petition should be denied.

6. The evidence in this matter shows that Defendant Ozark, as the servicing facility for the aircraft, has significant culpability for the events that led to the deaths of Plaintiffs' decedent.

7. Defendant Ozark was engaged by the aircraft owner and operator as the primary entity responsible for maintaining the aircraft (and engines) involved in the accident giving rise to these lawsuits. Doncasters will present testimony showing that the aircraft was not airworthy prior to the accident flight due to failure to conform to the Federal Aviation Regulations and the aircraft manufacturer's maintenance publications. Specifically, the aircraft did not have an operational Auto-Feather system, did not have an operable rudder trim system, and had other defects which contributed to the accident. Furthermore, the aircraft's right engine, which failed shortly after takeoff, had not had the manufacturer's recommended overhaul performed, contained components that were not approved for use in the engine and did not have the necessary performance and qualification testing performed following maintenance performed by Defendant Ozark. In spite of these deficiencies, Defendant Ozark certified that the aircraft and engine were airworthy.

8. All of the foregoing contributed to the failure of the engine and the subsequent inability of the pilot to safely recover the aircraft after the engine failure. Doncasters submits that the nominal settlement amount bears no logical relation to Defendant Ozark's actual liability in this matter, and is not in good faith.

9. In light of Missouri's pure comparative fault regime and contribution statute, Doncasters submits that such an agreement between Plaintiffs and Defendant Ozark for such a nominal amount is patently unfair as to Defendant Doncasters, and should not be approved by the Court, because it effectively eliminates Doncasters' ability to argue the relative fault of Ozark as an offset to the percentage of liability, if any, which the jury may find against Doncasters. The dollar set-off that this settlement will result in is woefully deficient when compared with the likely percentage set-off that would have been available to Doncasters but for the proposed settlement.

10. For all the reasons stated above, Doncasters respectfully requests that this Court deny Plaintiffs' Petitions for Approval of their wrongful death settlement with Ozark.

WHEREFORE, Defendant DONCASTERS INC. prays that this Court deny Plaintiffs GAIL PATERNOSTER, JOSEPH PATERNOSTER, and DORIS PATERNOSTER's Petition for Approval of their Wrongful Death Settlement with Defendant OZARK AIR SERVICES, INC., and for all other relief this Court deems just.

December 6, 2010

Respectfully submitted,

Gary Mayes
Jill M. Johnson
Thompson Coburn LLP
One US Bank Plaza
St. Louis, Missouri 63101
(314) 552-6076

-and-

Larry S. Kaplan
Thomas C. Sokol
Richard A. Walker
Paul H. Kuznetsky

Kaplan, Massamillo & Andrews, LLC
200 W. Madison, Suite 1600
Chicago, Illinois 60606
(312) 345-3000


ATTORNEYS FOR DEFENDANT,
DONCASTERS, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **Defendant Doncasters, Inc.'s Opposition to Plaintiffs' Petition for Approval of Their Wrongful Death Settlement with Defendant Ozark Air Services, Inc.** was filed electronically on this 6th day of December 2010 via the CM/ECF system, which will send electronic notification to all counsel of record.

Jerome L. Skinner
Nolan Law Group
Park 50 TechneCenter
200 TechneCenter Drive, Suite 103
Milford, Ohio 45150

Thomas M. Lang
Lang Law Office
7905 Forsyth Blvd.
St. Louis, MO 63105

Thomas R. Routh
Nolan Law Group
20 N. Clark Street, 30th Floor
Chicago, Illinois 60602
**Attorney for Plaintiffs**

Craig A. Smith
Polsinelli Shughart PC
7733 Forsyth, 12 Floor
St. Louis, MO 63105
(314) 889-7053
**Attorney for Defendants,**
**Adventure Aviation, LLC and Quantum Leap Skydiving Center, Inc.**

James B. Ramsey
Paul V. Herbers
Coolings & Herbers, PC
2400 City Center Square
1100 Main Street
Kansas City, MO 64196
**Attorneys for Defendant, Ozark Air Services, Inc.**

John W. Cowden
Baker Sterchi Cowden & Rice LLC
Crown Center, 2400 Pershing, Suite 500
Kansas City, Missouri 64108
**Attorneys for Defendant, Pratt & Whitney Canada**

/s/ Paul H. Kuznetsky